IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CCP Blue Hills 0501 LLC;<br>CCP Brigham Manor 0503 LLC;<br>CCP Crawford 0508 LLC;<br>CCP Country Gardens 0534 LLC;<br>CCP Franklin 0584 LLC;<br>CCP Hanover Terrace 0593 LLC; and<br>CCP Wyomissing 1237 LLC,<br><br>PLAINTIFFS<br><br>v.<br><br>Ventas Portfolio MA, LLC;<br>Ventas Portfolio PA, LLC;<br>130 Chestnut Street, LLC;<br>273 Oak Grove Avenue, LLC;<br>2045 Grand Army Highway, LLC;<br>77 High Street, LLC;<br>1044 Park Street, LLC; and<br>49 Lyme Road, LLC,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____ |

## COMPLAINT

Plaintiffs, CCP Blue Hills 0501 LLC; CCP Brigham Manor 0503 LLC; CCP Crawford 0508 LLC; CCP Country Gardens 0534 LLC; CCP Franklin 0584 LLC; CCP Hanover Terrace 0593 LLC; and CCP Wyomissing 1237 LLC (collectively, the "Plaintiffs" and individually each a "Plaintiff"), state as follows for their Complaint against Defendants, Ventas Portfolio MA, LLC; Ventas Portfolio PA, LLC; 130 Chestnut Street, LLC; 273 Oak Grove Avenue, LLC; 2045 Grand Army Highway, LLC; 77 High Street, LLC; 1044 Park Street, LLC; and 49 Lyme Road, LLC (collectively, the "Defendants" and individually each a "Defendant"):

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay the principal amount of $2,000,000 due and owing to Plaintiffs pursuant to the Purchase and Sale Agreement as amended by the First Amendment to Purchase and Sale Agreement entered into by the parties.

## THE PARTIES

2. Plaintiff, CCP Blue Hills 0501 LLC ("CCP Blue"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Blue is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT, Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Blue is a resident and citizen of Maryland and California.

3. Plaintiff, CCP Brigham Manor 0503 LLC ("CCP Brigham"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Brigham is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT, Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Brigham is a resident and citizen of Maryland and California.

4. Plaintiff, CCP Crawford 0508 LLC ("CCP Crawford"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Crawford is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT,

Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Crawford is a resident and citizen of Maryland and California.

5. Plaintiff, CCP Country Gardens 0534 LLC ("CCP Country"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Country is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT, Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Country is a resident and citizen of Maryland and California.

6. Plaintiff, CCP Franklin 0584 LLC ("CCP Franklin"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Franklin is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT, Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Franklin is a resident and citizen of Maryland and California.

7. Plaintiff, CCP Hanover Terrace 0593 LLC ("CCP Hanover"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Hanover is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT, Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Hanover is a resident and citizen of Maryland and California.

8. Plaintiff, CCP Wyomissing 1237 LLC ("CCP Wyomissing"), is a Delaware limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The sole member of CCP Wyomissing is Sabra Health Care Limited Partnership, whose sole partners are Sabra Health Care, L.L.C. and Sabra Health Care REIT, Inc. The sole member of Sabra Health Care, L.L.C. is Sabra Health Care REIT, Inc. Sabra Health Care REIT, Inc. is a Maryland corporation with its principal place of business in California. Thus, for purposes of federal diversity jurisdiction, CCP Wyomissing is a resident and citizen of Maryland and California.

9. Defendant, Ventas Portfolio MA, LLC ("Ventas MA"), is New York limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of Ventas MA are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity jurisdiction, Ventas MA is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

10. Defendant, Ventas Portfolio PA, LLC ("Ventas PA"), is a New York limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of Ventas PA are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity jurisdiction, Ventas PA is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

11. Defendant, 130 Chestnut Street, LLC ("130 Chestnut"), is a Massachusetts limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of 130 Chestnut are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity

jurisdiction, 130 Chestnut is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

12. Defendant, 273 Oak Grove Avenue, LLC ("273 Oak"), is a Massachusetts limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of 273 Oak are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity jurisdiction, 273 Oak is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

13. Defendant, 2045 Grand Army Highway, LLC ("2045 Grand"), is a Massachusetts limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of 2045 Grand are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity jurisdiction, 2045 Grand is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

14. Defendant, 77 High Street, LLC ("77 High"), is a Massachusetts limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of 77 High are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity jurisdiction, 77 High is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

15. Defendant, 1044 Park Street, LLC ("1044 Park"), is a Massachusetts limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of 1044 Park are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity

5

jurisdiction, 1044 Park is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California.

16.     Defendant, 49 Lyme Road, LLC ("49 Lyme"), is a New Hampshire limited liability company. For purposes of federal diversity jurisdiction, a limited liability company takes the citizenship of its members. The members of 49 Lyme are individuals who reside in New York and New Jersey and do not reside in Maryland or California. Thus, for purposes of federal diversity jurisdiction, 49 Lyme is a resident and citizen of New York and New Jersey and not a resident and citizen of Maryland and California

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     This Court has personal jurisdiction over Defendants, and venue is proper in this Court, because Defendants agreed to same in the documents as set forth below.

## STATEMENT OF FACTS

19.     Effective on or about October 14, 2016, Plaintiffs, as Seller, entered into a Purchase and Sale Agreement with Ventas MA and Ventas PA, as Purchaser (the "PSA"), relating to the sale and purchase of certain real estate improved by skilled nursing facilities. The PSA contains confidential information, and a redacted version has been attached hereto as **Exhibit 1**. An unredacted copy can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

20.     Effective on or about March 31, 2017, Plaintiffs and all Defendants entered into a First Amendment to Purchase and Sale Agreement (the "PSA Amendment"). The PSA Amendment contains confidential information, and a redacted version has been attached hereto as **Exhibit 2**. An

unredacted copy can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

21. The PSA and PSA Amendment are collectively the "Agreement."

22. Pursuant to the PSA Amendment, 130 Chestnut, 273 Oak, 2045 Grand, 77 High, 1044 Park, and 49 Lyme, as the Purchaser Nominees, agreed that they were each "bound as a Purchaser under the Agreement."

23. Pursuant to Section 2(c) of the PSA, two facilities had each individually been deemed special focus facilities (individually an "SFF Facility," and collectively the "SFF Facilities") by the Centers for Medicare and Medicaid ("CMS").

24. Pursuant to Section 2(c) of the PSA, if the SFF Facilities "each graduate (the "Contingency") from the Special Focus Facility List (the "SFF List"), prior to the Closing Date, then the Purchase Price shall be increased by Four Million Dollars ($4,000,000) (the "Contingency Amount"). . . . If the Contingency has not been satisfied on or before the Closing Date, and neither SFF Facility has been terminated from participation in the Medicare and Medicaid programs due to its placement on the SFF List, Purchaser shall deposit $2,000,000 (the "Escrow Amount") with the Escrow Agent. . . ."[1]

25. The Contingency was not satisfied prior to Closing, and thus Defendants deposited $2,000,000 into escrow pursuant to the Agreement.

26. Pursuant to Section 2(c) of the PSA, "Subsequent to the Closing Date, upon the occurrence of the Contingency, (i) Purchaser must pay $2,000,000 in immediately available cash to Seller within two (2) business days after the occurrence of the Contingency (the "Post Closing SFF Payment") and (ii) the Escrow Agent shall release the Escrow Amount to Seller pursuant to the procedures set forth in the escrow Agreement."

---

[1] Capitalized terms not defined herein shall have the meaning as set forth in the Agreement.

7

27. Notwithstanding anything in Section 2(c) of the PSA, the PSA further provides that if "neither SFF Facility has been terminated from participation in the Medicare and Medicaid programs on or before March 31, 2018, in connection with its placement on the SFF List," then the Contingency as defined in the Agreement shall be deemed to have occurred, and the Purchase Price as set forth in the Agreement shall be increased by the Contingency Amount. *See* Section 2(c).

28. The provisions of Section 2(c) of the PSA survived the Closing.

29. The Contingency occurred on March 31, 2018 because neither SFF Facility had been terminated from participation in the Medicare and Medicaid programs as of that date. As such, Plaintiffs were entitled to the Contingency Amount of $4,000,000, half of which was in escrow and the other half of which was to be paid by Defendants in cash to Plaintiffs.

30. Upon the occurrence of the Contingency, the $2,000,000 held in escrow was released to Plaintiffs pursuant to the Agreement.

31. Defendants failed to pay the remaining $2,000,000 of the Contingency Amount to Plaintiffs pursuant to the Agreement.

32. Plaintiffs sent Defendants a demand for the past due amounts on April 4, 2018, a copy of which is attached hereto as **Exhibit 3**. Certain confidential information has been redacted, and an unredacted copy can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

33. However, despite Plaintiffs' frequent demands for payment of the remaining $2,000,000 pursuant to the Agreement which they are owed, Defendants have failed and refused to pay the remaining balance.

34. Pursuant to Section 29 of the Agreement, "Each Purchaser (including any nominee of the original Purchaser) shall be jointly and severally liable for the monetary obligations of each other

8

Purchaser under this Agreement." Thus, all Defendants are jointly and severally liable for the outstanding principal balance of $2,000,000 owed under the Agreement.

35. Pursuant to the Agreement, if a party commences an action to enforce any of the terms of the Agreement or due to the other's breach, "the losing party shall pay to the prevailing party actual and reasonable attorneys' fees and actual out-of-pocket costs and expenses incurred in connection with the prosecution or defense of such action, whether or not the action is prosecuted to a final judgment." *See* Exhibit 1 at Section 23.

36. Plaintiffs have suffered damages due to Defendants' failure to remit the past due amount in the principal amount of $2,000,000, plus its legal fees, costs, and expenses associated with this action arising out of Defendants' breach of the Agreement. Plaintiffs will further be entitled to pre-judgment interest on the unpaid amounts.

37. Pursuant to the Agreement, this Agreement shall be construed and interpreted in accordance with Illinois law. *See* Exhibit 1 at Section 22. The Agreement includes the Escrow Agreement related to the Contingency Amount as Exhibit D, and the parties agreed to venue in Cook County, Illinois. *See* Exhibit D to the Agreement, Section 6.02.

## COUNT I – BREACH OF CONTRACT

38. Plaintiffs incorporate by reference the allegations previously set forth above.

39. The Agreement is a valid and enforceable contract.

40. Without legal justification or excuse, Defendants materially breached the Agreement with Plaintiffs by failing to perform their obligations thereunder.

41. As a direct and proximate result of the breach of the Agreement, Plaintiffs have suffered damages.

42. Plaintiffs have incurred attorneys' fees and other costs and expenses in preparing and filing this action, all of which are the responsibility of Defendants. Plaintiffs are likely to incur

substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

43. Plaintiffs are further entitled to pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

A. An award of damages in an amount to be proven at trial;

B. Plaintiffs' costs, expenses, and attorneys' fees associated with prosecution of this action;

C. Pre-judgment and post-judgment interest; and

D. All other relief to which Plaintiffs may be entitled.

Date: April 10, 2019                    Respectfully submitted,

/s/ Richard A. Saldinger
Richard A. Saldinger
LATIMER LEVAY FYOCK LLC
55 W. Monroe Street, Ste. 1100
Chicago, IL 60603
Telephone: (312) 422-8000
rsaldinger@llflegal.com

-and-

FULTZ MADDOX DICKENS PLC
Benjamin C. Fultz
Laura M. Brymer
101 South Fifth St., 27th Floor
Louisville, KY 40202
Phone: (502) 588-2000
Fax: (502) 588-2020
bfultz@fmdlegal.com
lbrymer@fmdlegal.com

*Counsel for Plaintiffs*